[Civ. No. 13884.   First Dist., Div. One.   Jan. 17, 1949.]

TILLIE STUART, Appellant, v. GRACE B. DOTTS et al.,
Respondents.

Palmquist & Sugden and Stanley C. Smallwood for Appellant.

Dana, Bledsoe & Smith for Respondents.

WARD, J.—Plaintiff in a personal injury action appeals from a judgment after verdict by a jury in favor of defendant. The main point on appeal is whether certain testimony which defendant refers to as "opinion" evidence is admissible. Defendant claims that the admission of the evidence was not harmful and could have had no prejudicial effect upon the outcome of the case. The position of plaintiff is that the opinion of an expert cannot be based upon hearsay testimony, and that the evidence was prejudicial.

Defendant pictures the scene of the accident under conditions of darkness as follows: "Shattuck Avenue runs north and south and has street car tracks along its course. Lincoln runs east and west; but it dead-ends at Shattuck, coming into Shattuck from the west. The crosswalk in question is the prolongation of the north sidewalk of Lincoln across Shattuck. It is an unmarked crosswalk."

The record shows that Lawrence Munn, employed in automotive service near the scene of the accident, was called as a witness for plaintiff and testified that he saw her enter the crosswalk and proceed "probably eight or ten feet"; that he continued his work and "took my eyes away" from her and "finished servicing the car . . . Then I heard the thud . . . and I seen something laying across the street . . . She was laying about half—the lower part of her body was underneath the car and I would say about the center of her back was about two feet back of the front wheel. Q. And the lower part of her body was under the car? And the upper part of her body was out from under it? A. Yes." The witness referred to a parked car other than defendant's, north of the crosswalk.

Defendant was called under Code of Civil Procedure, section 2055. She testified that on the evening of November 1, 1946, she drove her car in a northerly direction on Shattuck Avenue approaching Lincoln Street. It was fair and dry, and just about twilight. Her car lights were on. She stated that she did not see plaintiff until after she brought her car to a stop. She had been going "15, 15 to 18" miles per hour "following the traffic . . . Outside the line of parked cars . . . at least eight feet from the curb." Defendant also testified that

the point of impact was the side of the right front fender. It is admitted that defendant's driver's license requires her to wear eyeglasses "at all times while driving." She was not wearing glasses at the time of the accident but in that regard testified: "I find the reflection of light is bad at night, so I thought the benefit of the glasses was quite offset by that." The evidence also shows that the windshield was dirty. There is evidence upon which a finding *could* or *could not* be made that defendant was negligent.

The rule is that the burden of proof of contributory negligence rests upon the defendant unless such evidence may reasonably be inferred from the evidence presented by plaintiff. (*Blanton* v. *Curry*, 20 Cal.2d 793 [129 P.2d 1].) On cross-examination the plaintiff testified that she looked and saw automobile lights approaching the street that she was crossing. She testified: "I was just about to get on the sidewalk, that is when I was hit by the car." In her deposition taken about a year previous to the trial plaintiff testified: "I think I was on the sidewalk" when I was hit. Subsequently she testified that she was on the street and designated the street as Lincoln Street. Other evidence shows that plaintiff was on Shattuck Avenue instead of Lincoln Street when the accident occurred. There is evidence upon which a finding *could be* made that plaintiff solely was responsible for the accident or that she was guilty of negligence which in turn was a proximate cause thereof unless the jury determined that she impeached her own testimony by contradictory evidence or inconsistent statements (Code Civ. Proc., §§ 2051, 2052) which in effect caused the jury to determine that her testimony was valueless—that is, that she could not be believed.

It is impossible as an appellate court to weigh the evidence except as it appears in cold type, but the transcript of evidence indicates that on the trial, from which the present appeal is prosecuted, plaintiff made inconsistent and conflicting statements. Whether the statements resulted from her confused recollection of events or were fabricated is a matter that this court may not decide. The value *defendant* placed on plaintiff's testimony is a matter that need not be conjectured. The verdict was rendered in favor of the defendant and therefore the testimony of witness Munn may be viewed in a light favorable to defendant, who claims that "The jury could have disbelieved him, because he described his own position at the driver's side of a car that was headed south in the process of washing the windshield."

The defendant presented Officer Groom, who testified that he "arrived at the scene quite late, the ambulance had been there, and everything was cleaned up when I got there to investigate it." He stated that he went to the hospital to interview plaintiff but did not get a very coherent story from her. He got a written statement from defendant. He found no debris or marks on the street from which he could determine the point of impact. He talked to two or three people around the scene but didn't recall who they were. When he examined defendant's car, he found that "the dust had been knocked off of the fender, and there were slight scratches in the wax finish that would indicate that she had struck something, rough material, it looked like they were very faint scratches, and we had to use a flashlight to see them. Q. And that was on the outer side, was it? A. It was." He stated that he made notes of the accident from which he made out a report. Over plaintiff's objections the notes which Groom had brought for the purpose of refreshing his memory were admitted. He described a typewritten report made by him after the accident as containing his conclusion of the investigation. Defendant's counsel started to ask him about this, but instead directly asked: ". . . suppose I were to ask you, have you formed an opinion about whether or not this pedestrian was in the crosswalk or not at the time of the accident." Plaintiff's counsel objected that such opinion "would be purely conclusion, would be inadmissible." The witness based his opinion on the examination of defendant's car, some marks made at or near the scene of the accident by some other party, a conversation with the defendant, and an attempt to converse with plaintiff in a hospital, plus a conversation with a Mrs. Butler who, according to the officer, was a witness to the accident.

It is true that defendant's counsel did not ask the officer to state his opinion but asked: ". . . have you formed an opinion?" Plaintiff's counsel and the court treated the matter as if the officer had been requested to give his opinion. However, on a motion to strike such evidence from the record, defendant prevailed upon the court to deny the motion. The form of the question or the grounds of the objection are subordinate to the vital question—has there been a miscarriage of justice? Authorities cited by defendant covering different facts and circumstances are not in point. ■ Opinion evidence may be given from personal observation on subjects

such as whether a party is intoxicated, but not on facts related by other parties.

■ The officer did not qualify as an expert witness, nor was a hypothetical question propounded based upon facts presented by other witnesses. As a nonexpert, he could only testify to matters which he had observed and were deemed too complex to present to the jury in any manner except as opinion evidence. (See *Manney* v. *Housing Authority,* 79 Cal.App.2d 453, 459-460 [180 P.2d 69], and cases cited therein.) Citations involving performance of experiments simulating conditions of an accident or "expert evidence" are not in point. ■ In the present case the officer stated that in his opinion plaintiff was not in the crosswalk when struck. Whether plaintiff was in or out of the crosswalk, the evidence at the trial upon which this appeal is based played an important part in determining the point of impact and whether either or both parties were guilty of negligence.

That defendant was not satisfied that there was a sufficient showing of contributory negligence evidence on this trial, is demonstrated by the strenuous objections presented on plaintiff's motion to strike all or portions of the police officer's testimony from the record. The admission of the opinion testimony of the officer was error and when considered with all the other facts was prejudicial to the rights of plaintiff.

■ After an examination of the entire record in the present case on appeal it must be declared that the error "has resulted in a miscarriage of justice." (*Webber* v. *Webber,* 33 Cal.App.2d 153 [199 P.2d 934].)

The judgment is reversed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied February 16, 1949.